UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.:  06-240 (PLF) |
| | : | |
| v. | : | |
| | : | MAG. NO.: 06-314-M (DAR) |
| JOSE ARGETA-CANALES, | : | |
| | : | |
| | : |  8 U.S.C. §§ 1326(a), 1326(b)(2) |
| Defendant. | : | (Reentry of an Removed Alien Following |
| | : | Conviction for an Aggravated Felony) |
| | : | |

UNITED STATES' MEMORANDUM
IN AID OF SENTENCING AND MOTION FOR
THREE-POINT  REDUCTION FOR ACCEPTANCE OF RESPONSIBILITY

The United States of America, by and through its attorney, the United States Attorney for the

District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing,

recommending that the defendant be sentenced to 24 months of incarceration.  In support thereof,

the United States respectfully states the following:

Background

1.     The defendant is a native and citizen of El Salvador, who unlawfully entered the

United States on or about September 3, 1991, when he was arrested by Border Patrol Agents and put

into Removal Proceedings.  On December 10, 1991, an Immigration Judge entered an order that the

defendant be removed from the United States to El Salvador.  The order was not executed

immediately, and the defendant remained at liberty in the United States.  On June 15, 1999, the

-1-

defendant was arrested in the District of Columbia and charged with possession of heroin with the intent to distribute in D.C. Superior Court Criminal Case No. 1999-FEL-004102. On November 19, 1999, the defendant was convicted of one count of attempted possession with the intent to distribute of heroin, and was placed on probation. The defendant's conviction in 1999-FEL-04102 constitutes an "aggravated felony" as defined in Title 8, United States Code Section 1101(a)(43)(B). On August 16, 2004, the defendant received a "Warning to Alien Ordered Removed or Deported," which advised him in writing that after his removal, he was prohibited from entering the United States at any time without prior approval of the U.S. Attorney General. On September 10, 2004, pursuant to the Order of Removal issued in 1991, the defendant was removed from the United States and returned to El Salvador. On or about February 1, 2006, law enforcement officers arrested the defendant in Washington, D.C., pursuant to an outstanding traffic warrant from the District of Columbia. He also had an outstanding failure to appear warrant issued by a court in Montgomery County, Maryland. On June 21, 2006, the defendant was advised of and waived his administrative and Miranda rights. In a sworn statement, the defendant admitted that he re-entered the United States illegally, that he had been deported from the United States in the past, and that he re-entered the United States without having applied for permission from the Attorney General or his authorized delegate. There is no record of the defendant having obtained permission to enter the United States from the Attorney General or his delegate following the defendant's removal on September 10, 2004.

2.      To his credit the defendant took responsibility for his conduct and expressed an interest in accepting the government's plea offer at an early stage in this case. The defendant pled guilty on September 7, 2006, to an information charging him with Reentry of an Alien Deported

Following Conviction for an Aggravated Felony, in violation of Title 8, United States Code, Section 1326(b)(2), which carries a maximum penalty of 20 years of imprisonment, as well as a period of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2), and a fine up to $250,000, pursuant to 18 U.S.C. § 3571.

3.      Pursuant to the plea agreement, the government agreed that it would not oppose a sentence of incarceration at the low end of the applicable guideline range.  In addition, consistent with the plea agreement, the government hereby moves the Court for a three-level reduction to the defendant's offense level for early acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines.

Sentencing Recommendation

4.      Based on the information set forth in the Presentence Investigation Report, the defendant's total offense level is 17, having pled guilty to one count of Reentry of an Alien Deported Following Conviction for an Aggravated Felony.  U.S.S.G. §§ 2L1.2(a), 2L1.2(b)(1)(B), and 3E1.1. Based on  a total offense level of 17 and his placement in criminal history Category One, the guideline range of imprisonment is 24 to 30 months.  U.S.S.G. Chapter 5, Part A.  Consistent with the plea agreement, the government is recommending that the defendant be sentenced to 24 months of imprisonment.

5.      The Government's recommendation of 24 months, which is the low end of the defendant's applicable Sentencing Guidelines range, is reasonable.  In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in Blakely v.

Washington, 124 S. Ct. 2531 (2004).  The Court invalidated the statutory provision that made the

Guidelines mandatory: Title 18, United States Code, Section 3553(b)(1).  Booker, 124 S. Ct. at 764.

The Court upheld the remainder of the Guidelines as the most appropriate benchmark for informing

courts as to the most reasonable sentence for a particular defendant who has committed a particular

crime.  Indeed, it remains the case that if the sentencing court imposes a sentence that is outside the

range as set forth in the Guidelines, the Court must state in a written order of judgment and

commitment the specific reason for the imposition of a sentence different from that described in the

Guidelines.  See 18 U.S.C. § 3554(c)(2).  The sentence will then be subject to review by courts of

appeals for "reasonableness."  Booker, 124 S. Ct. at 766.

      6.    In Booker's wake, this Court must continue to resolve disputed questions of fact and

law  and correctly calculate a defendant's sentence under the existing Sentencing Guidelines.  See

Fed. R. Crim. P. 32(i)(3)(B) (court must rule on unresolved objections to the Presentence Report or

determine that resolution not necessary to sentencing).  "The district courts, while not bound to apply

the Guidelines, must consult those Guidelines and take them into account when sentencing."  Booker

124 S. Ct. at 767 (citing 18 U.S.C.A. §§ 3553(a)(4)&(5) (Supp. 2004)).   In light of this mandate

– and the continued requirement of written explanations for sentences that fall outside of the range

called for by the Guidelines and the new standard of "reasonableness" review – it is plain that a

sentence within the Guidelines, while not required, is reasonable per se.  Not only is a sentence

within the Guideline range presumptively reasonable, but it also accommodates the salutary goal,

endorsed by both Congress and the Supreme Court, of meting out fair and uniform sentences. A

sentence of 24 months of incarceration, the low end of the defendant's Sentencing Guideline range,

satisfies this goal.

7.    A sentence within the Sentencing Guideline range is not only presumptively reasonable for the reasons outlined above, but it is reasonable and appropriate for this defendant based on the facts of this case, when viewed in conjunction with the defendant's criminal history and willingness to accept responsibility at an early stage in the case.  The recommended sentence of 24 months is also supported by the factors to be considered by courts as articulated in 18 U.S.C. § 3553(a).  This provision provides, in pertinent part, that when fashioning a sentence, courts should consider (1) the circumstances surrounding the instant offense and the defendant's criminal history, (2) the seriousness of the offense and the need to promote respect for the law and punishment, (3) potential deterrence, (4) protecting the public, and (5) the rehabilitative needs of the defendant.  Id.

8.    Finally, the Court of Appeal's decision in United States v. Smith, 27 F.3d 649 (D.C. Cir. 1994) is not a valid basis for sentencing the defendant below the low end of his applicable range under the Sentencing Guidelines.  In Smith, the defendant, a deportable alien, was convicted of possession with the intent to distribute five or more grams of cocaine base.  The Sentencing Guideline at issue in Smith (U.S.S.G. § 2D1.1) was applicable to all defendants, not just aliens, who were convicted of that crime. Because of his status as an illegal alien, the defendant in Smith was rendered ineligible to participate in less restrictive correctional programs under the Bureau of Prisons available to other prisoners who were not deportable aliens.  For example the defendant was not eligible for a provision directing that prisoners spend part of the last ten percent of their sentences under conditions that would facilitate re-entry into the community, possibly including home confinement.  The defendant's ineligibility for these less restrictive forms of incarceration meant that

he was subjected to harsher conditions of confinement than others sentenced under the same applicable guideline. Under such circumstances, the Court of Appeals found that the defendant's status as a deportable alien was likely to cause "a fortuitous increase in the severity of [the defendant's] sentence," and therefore that a downward departure from the defendant's sentencing guidelines may have been appropriate.

9.    The instant case is significantly different from <u>Smith</u> because only illegal aliens can commit the crime the defendant was convicted of in this case, namely Reentry of an Alien Deported Following Conviction for an Aggravated Felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). The applicable Sentencing Guideline, U.S.S.G. § 2L1.2, applies only to illegal aliens. The defendant therefore cannot claim that application of the Sentencing Guidelines in this case results in a sentence that, because of his alien status, is fortuitously more severe than other individuals being sentenced for the same crime. No individual convicted of the defendant's crime is eligible for a sentence less restrictive than that recommended by the applicable guideline. For this reason, courts that have addressed this issue have all distinguished <u>Smith</u> and concluded that a downward departure is unwarranted where a defendant is convicted of an illegal reentry offense under Title 8, Section 1326 of the United States Code. <u>See</u> <u>United States v. Vasquez</u>, 279 F.3d 77, 80-81 (1st Cir. 2002); <u>United States v. Martinez-Carillo</u>, 250 F.3de 1101, 1106-07 (7th Cir.), <u>cert. denied</u>, 534 U.S. 927 (2001); <u>United States v. Cardosa-Rodriguez</u>, 241 F.3d 613, 614 (8th Cir. 2001); <u>United States v. Garay</u>, 235 F.3d 230, 232-34 (5th Cir. 2000), <u>cert. denied</u>, 532 U.S. 986 (2001); <u>United States v. Martinez-Ramos</u>, 184 F.3d 1055, 1057-59 (9th Cir. 1999); <u>United States v. Ebolum</u>, 72 F.3d 35, 37-39 (6th Cir. 1995). Accordingly, the government respectfully submits that a <u>Smith</u> departure is inapplicable in

this case.

WHEREFORE, based upon the above discussion, and the information reflected in the presentence report, the United States respectfully recommends a period of 24 months of incarceration.

Respectfully,

JEFFREY A. TAYLOR
United States Attorney


By: _____/s/_____
PERHAM GORJI
ASSISTANT UNITED STATES ATTORNEY
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4233
Washington, D.C. 20530
Phone: (202) 353-8822
Fax: (202) 616-3782


CERTIFICATE OF SERVICE

I hereby certify that a copy of the United States' Memorandum in Aid of Sentencing was served by first class mail upon counsel of record for the defendant, Tony Axam, Federal Public Defender, 625 Indiana Avenue, NW, Suite 550, Washington, DC 20004, this _____ day of November, 2006.

_____/s/_____
PERHAM GORJI, AUSA

-7-