UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Crim. No. 06-240 (PLF) |
| ) | |
| v. ) | |
| ) | |
| JOSE ARGETA-CANALES, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant Jose Argeta-Canales, through undersigned counsel, respectfully submits the following memorandum in aid of sentencing and requests this Court to sentence him to eighteen months incarceration followed by a period of supervised release. According to the presentence investigation report, Mr. Argeta-Canales's guideline sentencing range is 24 to 30 months.

### DISCUSSION

Mr. Argeta-Canales is thirty years old and a citizen of El Salvador. He is one of five children who were raised by both his parents. His parents continue to live in El Salvador. Mr. Argeta-Canales originally came to the United States without documentation in 1991. His original reason for coming to the United States was to find employment. Mr. Argeta-Canales explains that his life in El Salvador is difficult because there are few opportunities for gainful employment. He thought and felt that his best hope for providing for himself would be to come to the United States, even if that meant entering or working illegally. As a result of his illegal status, he was deported in 2004. Prior to his deportation, he fell in love and fathered a child who is now nine years old. Mr. Argeta-Canales is the primary care giver for his son, and does not know the current whereabouts of the mother.

Mr. Argeta-Canales's reason for returning to the United States after being deported in 2004 was to reunite with his son. It is understandably difficult for Mr. Argeta-Canales to reconcile that he has been apart from his son for the four months he has been incarcerated and will continue to be apart from his son until after his sentence and deportation. Fortunately, Mr. Argeta-Canales's uncle is caring for his son, and Mr. Argeta-Canales is hopeful that when he returns to El Salvador, his son will be able to join him there. Mr. Argeta-Canales's arrest, detention, and involvement in the criminal justice system in this case have left no doubt in his mind that upon the completion of his sentence in this case, the only way for him to be a part of his son's life is from outside of prison in El Salvador.

Mr. Argeta-Canales appears before this Court having pled guilty to one count of illegal re-entry of a removed person in violation of 8 U.S.C. 1326(a) and (b)(2). Mr. Argeta-Canales has at all times accepted responsibility for his actions. He has been detained without bail since his arrest on July 11, 2006, after which the Government requested detention based on Mr. Argeta-Canales' non-citizen status. An immigration detainer is presently lodged against him.

In the present case, Mr. Argeta Canales faces deportation immediately following the completion of his sentence. According to Presentence Investigation Report, Mr. Argeta Canales faces a sentencing range of 24 to 30 months. As result of his status as a deportable alien, however, there exist circumstances of such kind and degree that recommend a sentence below the applicable guideline range in this case.

Because of Mr. Argeta Canales' status as a deportable alien, the service of his sentence will

be harsher than that of a United States citizen under similar circumstances.[1]   Pursuant to Federal Bureau of Prisons, Program Statement 5100.4: Security Designation and Custody Classification Manual (1992), Mr. Argeta Canales will be designated as a Public Security Factor.  As such, Mr. Argeta Canales will not be eligible to serve his sentence in a minimum security facility, he will not be permitted to participate in certain rehabilitation programs, nor will he be eligible to serve the last 10% of his sentence in a halfway house.  Furthermore, at some time prior to the completion of his sentence, the immigration detainer which has been filed against Mr. Argeta Canales, will result in him being incarcerated in an immigration detention facility beyond his sentence while awaiting the completion of the deportation proceedings.  Mr. Argeta Canales does not move this Court to depart from the Sentencing Guidelines.  However,  Mr. Argeta Canales requests the Court to consider factors related to background and history and the severity of his imprisonment under United States v. Booker and 18 U.S.C. § 3553(a) in fashioning an appropriate sentence.

   The government notes that Smith has no applicability because anyone sentenced for illegal re-entry in violation of 8 U.S.C. §1326 would have to be an illegal alien, and thus no disparity in sentencing occurs for people convicted under this statute.  United States v. Smith was decided in 1994– seven years after the United States Sentencing Guidelines came into effect.  27 F.3d 649 (D.C. Cir. 1994).  Courts have routinely granted Smith departures to defendants convicted under 8 U.S.C. § 1326 and the Sentencing Commission has not changed the guidelines, commented on such departures, or even acknowledged the disparities the Smith Court recognized.

   The government's position on Smith implies that the Sentencing Commission either intends

---

[1] In Lok v. Immigration and Naturalization Service, 548 F.2d 37(2d Cir. 1977), the court described deportation as "a sanction which in severity surpasses all but the most Draconian criminal penalties."

that the conditions of confinement for deportable persons be harsher than for others (i.e., citizens); or that the Sentencing Commission is simply unconcerned with the conditions of confinement for any prisoner so long as the sentences confining similarly situated prisoners are of the same length. As this Court is aware, Booker does not limit the factors that a court may consider in deciding a fair sentence. Rather a court must impose a sentence that is sufficient, but not greater than necessary to comply with the statutory purposes of sentencing. 18 U.S.C. § 3553(a).

      The disparately severe conditions of confinement during his sentence in conjunction with his likely continued confinement in an immigration detention facility at the completion of his sentence, result in a sentence under the Sentencing Guidelines that would be unreasonable. Mr. Argeta Canales was found in the United States after having previously been deported. He was wrong and deserves to punished. The circumstances of his punishment should be no more severe than for any other person imprisoned under the jurisdiction of the Bureau of Prisons simply because he is a non-citizen who faces deportation. Mr. Argeta Canales respectfully requests this Court to take into account the consequences his status as a deportable person will have on his conditions and length of confinement and to sentence him to eighteen months--six months less than the low end of the otherwise applicable sentencing guideline range.

**CONCLUSION**

For these reasons and any others that may appear at a hearing on this matter, Mr. Jose Argeta Canales respectfully requests that this Court sentence him to a period of incarceration of eighteen months.

                    Respectfully submitted,

                    A.J. Kramer
                    Federal Public Defender

                    _____/S/_____

                    Tony Axam, Jr.
                    Assistant Federal Public Defender
                    625 Indiana Ave., N.W., Suite 550
                    Washington, D.C.  20004
                    (202) 208-7500