HONORABLE PAUL L. FRIEDMAN, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV 16 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA : Docket No.: 06CR240-01

vs.

ARGETA-CANALES, Jose : Disclosure Date: October 10, 2006

### RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

#### For the Government

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____          10/24/06
Prosecuting Attorney                     Date

#### For the Defendant

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____          _____
Defendant           Date                 Defense Counsel        Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **October 24, 2006**, to U.S. Probation Officer **Linsey Epson**, telephone number **(202) 565-1376**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By:   Gennine A. Hagar, Acting Chief
      United States Probation Officer

Receipt and Acknowledgment                                          Page 2

See letter dated October 27, 2006

Signed by: _____
(Defendant/Defense Attorney/AUSA)

Date: _____



U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

District of Columbia

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

October 24, 2006

Linsey Epson
United States Probation Officer
U.S. Courthouse
333 Constitution Avenue., N.W.
Washington, D.C. 20001
Phone: (202) 565-1376
Fax: (202) 273-0242

BY MAIL and BY FAX

Re: United States v. Jose Argeta-Canales,
Case No. 06-240 (PLF)

Dear Ms. Epson:

    I am in receipt of your Presentence Investigation Report (PSR) in the above-referenced case. As set forth below, the government is not aware of any factual inaccuracies in the PSR, but disagrees with the position taken in paragraphs 64 and 65 which state that the defendant's status as a deportable alien may warrant a downward departure from his applicable guideline range.

    The PSR cites the Court of Appeal's decision in United States v. Smith, 27 F.3d 649 (D.C. Cir. 1994) as a basis for a downward departure. In Smith, the defendant, a deportable alien, was convicted of possession with the intent to distribute five or more grams of cocaine base. The Sentencing Guideline at issue in Smith (U.S.S.G. § 2D1.1) was applicable to all defendants, not just aliens, who were convicted of that crime. Because of his status as an illegal alien, the defendant in Smith was rendered ineligible to participate in less restrictive correctional programs under the Bureau of Prisons available to other prisoners who were not deportable aliens. For example the defendant was not eligible for a provision directing that prisoners spend part of the last ten percent of their sentences under conditions that would facilitate re-entry into the community, possibly including home confinement. The defendant's ineligibility for these less restrictive forms of incarceration meant that he was subjected to harsher conditions of confinement than others sentenced under the same applicable guideline. Under such

circumstances, the Court of Appeals found that the defendant's status as a deportable alien was likely to cause "a fortuitous increase in the severity of [the defendant's] sentence," and therefore that a downward departure from the defendant's sentencing guidelines may have been appropriate.

The instant case is significantly different from Smith because only illegal aliens can commit the crime the defendant was convicted of in this case, namely Reentry of an Alien Deported Following Conviction for an Aggravated Felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). The applicable Sentencing Guideline, U.S.S.G. § 2L1.2, applies only to illegal aliens. The defendant therefore cannot claim that application of the Sentencing Guidelines in this case results in a sentence that, because of his alien status, is fortuitously more severe than other individuals being sentenced for the same crime. No individual convicted of the defendant's crime is eligible for a sentence less restrictive than that recommended by the applicable guideline. For this reason, courts that have addressed this issue have all distinguished Smith and concluded that a downward departure is unwarranted where a defendant is convicted of an illegal reentry offense under Title 8, Section 1326 of the United States Code. See United States v. Vasquez, 279 F.3d 77, 80-81 (1st Cir. 2002); United States v. Martinez-Carillo, 250 F.3de 1101, 1106-07 (7th Cir.), cert. denied, 534 U.S. 927 (2001); United States v. Cardosa-Rodriguez, 241 F.3d 613, 614 (8th Cir. 2001); United States v. Garay, 235 F.3d 230, 232-34 (5th Cir. 2000), cert. denied, 532 U.S. 986 (2001); United States v. Martinez-Ramos, 184 F.3d 1055, 1057-59 (9th Cir. 1999); United States v. Ebolum, 72 F.3d 35, 37-39 (6th Cir. 1995).

Accordingly, the government respectfully submits that a Smith departure is inapplicable in this case. Thank you for your attention to this matter. If you have any questions about the government's position, please give me a call at my office number, (202) 353-8822.

Sincerely,

Perham Gorji
Assistant U.S. Attorney
Delaware Bar No. 3737
U.S. Attorney's Office
555 4th Street, N.W., Rm. 4233
Washington, D.C. 20530
(202) 353-8822
perham.gorji@usdoj.gov

2